**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| EDWARD R. RUSH, | : | Civil No. 08-4657 (JAP) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| MONMOUTH COUNTY SHERIFF'S OFFICE, et al., | : | |
| Defendants. | : | |

IT APPEARING THAT:

1. On September 18, 2008, the Clerk received from Plaintiff for filing a civil Complaint seeking damages for violation of his constitutional rights under 42 U.S.C. § 1983 based on an alleged beating that occurred on September 25, 2006. Plaintiff also submitted an affidavit seeking in forma pauperis status. The address Plaintiff provided to the Clerk was South Woods State Prison in Bridgeton, New Jersey.

2. Plaintiff's application to proceed in forma pauperis was incomplete because he did not submit to the Clerk a certified copy of the trust fund account statement (or institutional equivalent) for the six month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined, as required by 28 U.S.C. § 1915(a)(2).

3. Because Plaintiff did not prepay the $350.00 filing fee and his application to proceed in forma pauperis was incomplete, by Order filed November 12, 2008, this Court denied the application to proceed in forma pauperis without prejudice and administratively terminated the

case, subject to reopening if, within 30 days of the date of the entry of the Order, Plaintiff either pre-paid the $350.00 filing fee **or** submitted to the Clerk a certified copy of the trust fund account statement (or institutional equivalent) for the six month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined, as required by 28 U.S.C. § 1915(a).

    4. On November 12, 2008, the Clerk mailed the Order to Plaintiff at South Woods State Prison, the address he provided to the Clerk. On November 24, 2008, the United States Postal Service returned the envelope that was sent to Plaintiff to the Clerk as undeliverable/refused.

    5. Plaintiff did not contact the Clerk in writing until August 10, 2010, when he sent a letter dated July 21, 2010, which did not contain a docket number or caption. Plaintiff states in the letter;

> I'm writing you because of a case I had filed within the United States District Court of New Jersey. I've been waiting to hear back from the courts concerning my case. I was incarcerated at Southwoods State Prison when I received my application to proceed without prepayment of fees affidavit which I filled out on 9/03/08 and milled to . . . court. However I was released form custody on January 5, 09 and was paroled to Maryland which I successfully completed. I then never heard back from courts concerning this matter until on 7/21/10 in which I called the court clerk concerning this matter and was told my complaint had been dismissed. I do not think its fair that my case was not given the chance to be heard in court when I still suffer from injuries to this day. Your Honor I do not understand why my case was closed without my notification or my mothers whom had power of attorney at the time. I do not know what it was I had to do or did not do to cause the dismissal of my case. I am asking you to reopen my case and give me the opportunity to do what is needed to seek judgement on my behalf now that I am no longer incarcerated and have a stable address where I can receive mail and respond to it properly.

(Docket Entry #4, pp. 1-2.) Plaintiff provided his address as 190A Sawmill Road, Brick, NJ.

6.  This Court construes Plaintiff's letter as a request to file the Complaint nunc pro tunc.

7.  Local Civil Rule 10.1(a) requires the initial pleading shall state the street and post office address of each named party.  See Local Civil R. 10.1(a).  The rule further provides that "unrepresented parties must advise the Court of any change in their . . . address within seven days . . . by filing a notice of said change with the Clerk."  Id.

8.  In this case, the Complaint indicated that Plaintiff's address was South Woods State Prison, but it did not include a prisoner number.  When the Clerk mailed this Court's November 12, 2008, Order to Plaintiff at South Woods State Prison, the envelope was returned by the United States Postal Service to the Clerk as undeliverable.  Although Plaintiff was released from South Woods State Prison on January 5, 2009, and he moved to Maryland, Plaintiff did not notify the Clerk of any change of address until he sent the July 21, 2010, letter, which is 22 months after he mailed the Complaint and 18 months after he was released from South Woods State Prison.

9.  Given that the statute of limitations on Plaintiff's claim under 42 U.S.C. § 1983 expired on September 26, 2008, eight days after the Clerk received Plaintiff's Complaint, and Plaintiff has provided no explanation for failing to apprise the Clerk of his numerous address changes during the past two years, this Court will not allow Plaintiff to file the Complaint nunc pro tunc.  Moreover, Plaintiff has not to date prepaid the filing fee or submitted an affidavit of indigence reflecting his present financial status.

10.  An appropriate Order accompanies this Opinion.

 /s/ JOEL A. PISANO
**JOEL A. PISANO, U.S.D.J.**

Dated: May 23, 2011

3